No. 2130.—STATE OF LOUISIANA on the relation of J. S. SIMONDS v. THE JUDGE OF THE SEVENTH DISTRCT COURT, parish of Orleans, et als.

The Judge of the District Court is competent to determine the sufficiency of the security on an appeal bond after the appeal has been taken and filed in the Supreme Court, and if he finds the bond not such as the law requires he may order execution to issue, notwithstanding the appeal.

Where the evidence shows that the security on the appeal bond is not good and solvent as required by law, the Supreme Court will not issue a writ of prohibition restraining the Judge a quo from ordering execution to issue pending the appeal.

APPEAL from the Seventh District Court of the parish of Orleans. Collens, J. Bentinick Egan, for relator, Breaux & Fenner, of counsel.

WYLY, J. The relator took a suspensive appeal from the judgment recovered against him by Bogart & Oakley The appeal was subsequently set aside on motion in the court a qua on the ground that the bond was not such as the law requires, the surety not being good and solvent.

The relator then applied for and obtained a writ of prohibition restraining the Judge, the Sheriff and Bogart & Oakley from executing said judgment.

The District Judge answered, averring that he had jurisdiction to entertain the motion and determine the sufficiency of the appeal bond;

that on the trial thereof the solvency of the surety on the bond was not satisfactorily established; that the appellant had not complied with the condition upon which the suspensive appeal was granted, that is to say, he had not given a good and solvent surety on the bond.

The District Judge had the authority to test the solvency of the surety on the appeal bond.

We have carefully examined the evidence on which the Judge acted in determining the surety insufficient, and are of opinion that he did not err.

The certificate of mortgages adduced on the trial showed that the surety, J. Morgan Hall, is not good and solvent, his property being mortgaged for amounts largely exceeding the value thereof.

The relator failed, in our opinion, to establish that he had given such solvent security on his appeal bond as the law requires.

It is therefore ordered that the writ of prohibition herein granted be set aside and the petition be dismissed at the costs of the relator.